UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALLIE A. CUMMINGS,

    Plaintiff,

v.                                      Case No.: 8:17-cv-1652-T-33MAP

RUSHMORE LOAN MANAGEMENT
SERVICE and U.S. BANK, N.A.,
as Trustee for the RMAC Trust,
Series 2016-CTT,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Rushmore Loan Management Service and U.S. Bank, N.A.'s Motion to Dismiss Count III for Failure to State a Claim or, Alternatively, Motion for More Definite Statement as to Count III, filed on August 11, 2017. (Doc. # 19). Cummings responded on August 31, 2017. (Doc. # 22). For the reasons that follow, the Motion is granted.

**I.**    **Background**

In 2008, Cummings obtained a mortgage for her property. (Doc. # 2 at ¶ 21). Later, in March of 2012, the bank that then held the debt called Cummings in an attempt to collect the debt and initiated foreclosure proceedings. (Id. at ¶¶ 24, 25). Cummings informed the bank she was represented by

1

counsel. (Id.). Her counsel notified the bank of his contact information and directed the bank to cease all direct communication with Cummings. (Id.).

The bank eventually transferred the mortgage debt and its servicing. (Id. at ¶ 28). Cummings's counsel informed the new servicer that Cummings was represented with respect to the debt and to cease communication with Cummings. (Id. at ¶ 29). "[U]pon every servicing transfer thereafter, Cummings, or her legal counsel verbally and explicitly withdrew any consent for Cummings to be contacted directly by mail or telephone with respect to the [d]ebt." (Id. at ¶ 30).

On January 1, 2017, the servicing of the debt was "transferred to Rushmore to collect on behalf of U.S. Bank." (Id. at ¶ 31). "At the time of the transfer, Rushmore and U.S. Bank, and its representatives, agents, or employees were advised of the Debt Collection Action, that Cummings is represented by legal counsel, the contact information for such legal counsel, and were provided business records and servicing files which included all of the aforementioned communications from [Cummings] and her legal counsel." (Id. at ¶ 32).

Nevertheless, in February of 2017, "Cummings received a call from a representative named Rubin who indicated that he

2

was an employee of Rushmore." (Id. at ¶ 34). "Cummings again informed Rubin from Rushmore that she was represented by legal counsel with respect to the Debt, provided legal counsel's contact information, that all future communications with regard to the Debt be directed to legal counsel, and requesting that Rushmore cease communicating with Cummings directly." (Id. at ¶ 35).

"In addition to contacts by mail, Rushmore made calls to Cummings'[s] cellular and home telephone numbers . . . using an automatic telephone dialing system ("ATDS"), a predictive telephone dialing system ("PTDS"), or an artificial or prerecorded voice ("APV")," for the purpose of collecting the debt. (Id. at ¶¶ 46, 51). "At no time herein did Rushmore have Cummings'[s] prior express consent to call her telephone numbers using an ATDS, PTDS, or APV." (Id. at ¶ 48). Even if Rushmore had consent, "such consent was revoked to make auto-dialed debt collection calls the moment Rushmore was advised of Cummings'[s] representation by legal counsel with respect to the Debt and to cease and desist." (Id. at ¶ 49). According to Cummings,

> All calls and messages which occurred after Rushmore took over servicing this consumer Debt and attempting to collect on the consumer Debt were made in willful violation of the TCPA because Rushmore knew it was making a call to Cummings'[s]

3

> cell phone, knew that the system used to make the
> call qualifies as an autodialer, and knew that it
> did not have consent to make the autodialed call.

(Id. at ¶ 53).

Cummings initiated this action in state court on June 1, 2017, asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.; the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 et seq.; and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 et seq. (Doc. # 2). Defendants removed the case to federal court on July 10, 2017, and filed the instant Motion regarding the TCPA claim on August 11, 2017. (Doc. ## 1, 19). Cummings responded to the Motion on August 31, 2017. (Doc. # 22). The Motion is ripe for review.

**II. Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the]

complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. **Analysis**

To state a claim under the TCPA, a plaintiff must allege that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." Augustin v. Santander Consumer USA, Inc., 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

First, Defendants argue that Cummings has not stated a claim under the TCPA because her allegations regarding the elements of the claim are unclear. (Doc. # 19 at 2).

5

Defendants stress one sentence of the Complaint in particular: "At no time herein did Rushmore have Cummings'[s] prior express consent to call her telephone numbers using an ATDS, PTDS, or APV." (Doc. # 2 at ¶ 48). Defendants argue that they were not required to have express consent to call Cummings using an ATDS — rather, they simply "need[ed] consent to contact [Cummings] on her cellular telephone number." (Doc. # 19 at 2). And Defendants also note that only calls to a cell phone may form the basis of a TCPA claim, and therefore Cummings's listing her home telephone number and noting that both of her telephone numbers were called without express consent is unavailing. (Doc. # 19 at 2).

But other sentences within the Complaint clarify the meaning of the ambiguous sentence regarding consent. Under the TCPA count, Cummings states: "At no time herein did Defendants have Plaintiff's prior express consent to call Plaintiff on her cellular telephone." (Doc. # 2 at ¶ 96). It is clear that the TCPA claim is based only on calls to Cummings's cell phone. Furthermore, Cummings alleges that Defendants did not have prior express consent to call her at all — she does not merely allege that Defendants lacked consent to call her using an ATDS or prerecorded or artificial voice, as Defendants argue.

Defendants next argue the Complaint "fails to provide any factual detail to support a claim under the TCPA." (Doc. # 19 at 4). Defendants rely on <u>Augustin</u>, as well as other district court cases, for the proposition that "merely stating that a defendant used [an] ATDS and/or reciting statutory language are insufficient to state a claim under the TCPA." (Doc. # 19 at 5). There, the court dismissed the claim because the plaintiff "recited the elements of a TCPA claim" but did not "provide the dates of the calls, his phone number, his girlfriend's name or phone number, or the number from which he received the allegedly unlawful calls." <u>Augustin</u>, 43 F. Supp. 3d at 1254. But, unlike the plaintiff in <u>Augustin</u>, Cummings lists her cell phone number, alleges the month and year of one call from Rushmore, and the name of the Rushmore employee who called. Such factual information raises Cummings's claim above the conclusory allegations found insufficient in <u>Augustin</u> and puts Defendants on notice of the basis of Cummings's TCPA claim.

Nevertheless, Defendants are correct that more factual allegations are needed to support that an ATDS or artificial or prerecorded voice was used. While technical allegations about the ATDS used are not required, a plaintiff must provide allegations about the circumstances of the calls received in

7

order to raise the inference that an ATDS was used. See Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)("It is not unreasonable . . . to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS."). "[W]ell-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." Gragg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)(internal quotation marks omitted).

The Complaint is devoid of factual allegations to support the inference that an ATDS or artificial or prerecorded voice was used for the calls to Cummings's cell phone. Although she states she received multiple calls over four years, Cummings does not specify how many calls were made or their frequency. Cf. Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014)(denying motion to dismiss and noting allegations that the defendant called forty-five times, called "several times" in one day, called "on back to back days," and employed prerecorded messages

with "generic content," which circumstantially supports that an ATDS was used). She does not allege that she heard an artificial or prerecorded voice during a call, nor does she allege that her phone conversation with Defendants' employee began with a pause. Cf. Padilla v. Whetstone Partners, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)(noting a plaintiff could support that an ATDS was used by, among other things, "detail[ing] whether there was a pause upon his answering the call").

Therefore, at this juncture, Cummings has not plausibly stated a claim under the TCPA because she has failed to plausibly plead that an ATDS or artificial or prerecorded voice was used. Therefore, Count III is dismissed with leave to amend by September 26, 2017. Because Count III has been dismissed, Defendants' alternative request for a more definite statement of the claim is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Rushmore Loan Management Service and U.S. Bank, N.A.'s Motion to Dismiss Count III for Failure to State a Claim or, Alternatively, Motion for More Definite Statement as to Count III (Doc. # 19) is **GRANTED.**

(2) Count III is **DISMISSED** with leave to amend.

(3) If Cummings wishes to amend Count III, she must file an amended complaint by **September 26, 2017.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of September, 2017.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE