**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SALLIE A. CUMMINGS,

                Plaintiff,                    Case No. 8:17-cv-01652-VMC-MAP

vs.

RUSHMORE LOAN MANAGEMENT
SERVICE, a foreign limited liability company,
and U.S. BANK, N.A., AS TRUSTEE FOR
RMAC TRUST, SERIES 2016-CTT,

                Defendant.

_____/

## MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM  OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT AS TO COUNT III

       Defendants, Rushmore Loan Management Service ("**Rushmore**") and U.S. Bank, N.A., as Trustee for RMAC Trust, Series 2016-CTT ("**U.S. Bank**"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure ("**FRCP**") 12(b)(6), respectfully requests that this Court dismiss Count III[1] of the Amended Complaint filed by Plaintiff on September 28, 2017. In support of this motion, Rushmore and U.S. Bank states as follows:

    **I.**      **Introduction**:

       Just like her initial Complaint, in her Amended Complaint Plaintiff seeks relief from Rushmore and U.S. Bank under the Telephone Consumer Protection Act ("**TCPA**") but provides

---

[1]Counts I and II of the Amended Complaint allege that Defendants violated the Florida Consumer Collection Practices Act, §559.72, *Fla.Stat.* (the "**FCCPA**") and the Federal Debt Collection Practices Act, 15 U.S.C. §1692a (the "**FDCPA**") because Defendants sent (or caused to be sent) Plaintiff mortgage statements, loss mitigation correspondence and other mandatory notices sent pursuant to Federal law.  Because Plaintiff failed to attach the communications that allegedly violate the FCCPA and/or the FDCPA, Defendants will be forced to address those allegations through a motion for summary judgment.

only legal conclusions quoting the statutory language and fails to allege any facts sufficient to support any claim for relief. In the most conclusory fashion, without any factual support, the plaintiff alleges that Defendants[2] "made calls to [Plaintiff's] cellular and home numbers…" Amended Complaint at ¶47. The Amended Complaint lacks any specificity or factual support for this statement and does not even specifically identify Plaintiff's cellular number (while improperly suggesting that phone calls made to her home phone number could be violations). The deficiency is highlighted by the fact that Plaintiff fails to allege that the call she received from Defendants in February, 2017 – the *only* phone call specifically identified in the complaint – was made to her cellular telephone.

The Amended Complaint also fails to sufficiently allege that Defendants did not have consent to call Plaintiff on her cellular phone.  The Amended Complaint only alleges that Defendants did not have Plaintiff's "prior express consent to call her telephone numbers using an ATDS, PTDS or APV."  Defendants are not required to have consent to call Plaintiff's home number using an ATDS, PTDS or APV.  Defendants only need consent to contact Plaintiff on her cellular telephone number.  The Amended Complaint also fails to allege that Plaintiff ever revoked her consent for Defendants to make calls to her cellular telephone.  Instead, the Amended Complaint alleges generally that "consent was revoked to make auto-dialed debt collection calls to Cummings' cellular telephone the moment Rushmore was advised of Cummings' representation by legal counsel with respect to the Debt and to cease and desist."  That allegation does not state "Plaintiff revoked her prior express consent to receive auto-dialed debt collection calls."

---

[2]The Complaint alleges that Rushmore made "calls" but is seeking to hold U.S. Bank liable under the doctrine of respondeat superior, therefore Defendants are approaching the allegations of the complaint as against each Defendant herein.

## II.     __Standard of Review__:

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Johnson v.Potter*, 732 F. Supp. 2d 1264, 1275 (M.D. Fla. 2010) (citing *Iqbal*, 556 U.S. at 677). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint cannot simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678.  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.   **Argument:**

1. ***The Amended Complaint Fails to Sufficiently Assert A Claim for Relief Under the Telephone Consumer Protection Act.***

The Court should dismiss Count III of the Amended Complaint, because it does not allege facts sufficient to state a claim against Defendants under the TCPA. The TCPA provides in relevant part:

> It shall be unlawful for any person . . . to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii). To state a claim under the TCPA for calling a cell phone a plaintiff must allege that: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. *Augustin v. Santander Consumer USA, Inc.*, No. 6:11-CV-1329-ORL-36, 2012 WL 12022318, at *2 (M.D. Fla. Aug. 7, 2012) (citing 47 U.S.C. § 227(b)(1)(A)). The term "automatic telephone dialing system" is defined as "equipment that has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

As previously discussed, Plaintiff's Amended Complaint fails to provide any factual detail to support a claim under the TCPA.  The Amended Complaint only contains conclusory allegations that Defendants utilized an ATDS and does not plausibly allege any facts that could show this to be the case.  In *Duran v. Wells Fargo Bank, N.A.*, the plaintiff alleged, in a conclusory manner, that the defendant placed many non-emergency calls to his cellular telephone via an ATDS. 878 F. Supp. 2d 1312, 1316 (S.D.Fla. 2012). However, the Complaint was "devoid of any factual

allegations to support that claim." *Id.* Because, the plaintiff provided no facts whatsoever about any automated calls, the complaint was dismissed. *Id*; *see also Speidel v. JP Morgan Chase & Co.*, No. 13-cv-852-FtM-29DNF, 2014 WL 582881 at *2 (M.D. Fla. Feb. 13, 2014) (dismissing TCPA claim for insufficient factual allegations where plaintiff alleged that defendant "plac[ed] calls using an [ATDS] to dial plaintiffs cellular or residential telephone, or by using an artificial or prerecorded voice to deliver a message to plaintiff').

Plaintiff's Amended Complaint fails to state a claim under the TCPA for similar reasons. The Amended Complaint only has conclusory allegations that Defendants used an automatic telephone dialing system:

> At all times material herein, Rushmore has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1). Complaint at ¶17.

> In addition to contacts by mail, Rushmore made calls to Cummings' cellular and home telephone numbers, 352-346-6828 and 352-799-2889, using an automatic telephone dialing system ("ADTS"), a predictive telephone dialing system ("PTDS"), or an artificial or pre-recorded voice ("APV"). Complaint at ¶47.

Numerous courts from around the country have reached this same conclusion, repeatedly finding that allegations merely stating that a defendant used ATDS and/or reciting statutory language are insufficient to state a claim under the TCPA. The authority on this point is overwhelming:

1. *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F.Supp.3d 984, 2014 WL 595067, at *2-3 (N.D. Cal. Feb. 14, 2014) (dismissing TCPA claim under Rule 12(b)(6) where plaintiff alleged that defendants "initiated phone calls to plaintiffs residential line using an artificial or prerecorded voice" and placed "14 such calls per week [intermittently] to Plaintiffs residential telephone number and cell phone number");

2. *Sepehry-Fard v. MB Fin. Servs.*, No. C 13-02784 JSW, 2014 WL 122436, at *3 (N.D. Cal. Jan. 13, 2014) (holding that plaintiffs allegations were "too vague to state a claim" under the TCPA where plaintiff alleged that it is unlawful to use "an [ATDS] or an artificial or prerecorded voice" when calling "any telephone number assigned to a paging service, cellular telephone service" and that defendant "violated the Act by placing 14 such calls per week to Plaintiff');

3. *Daniels v. ComUnity Lending, Inc.*, No. 13-cv-488-WQH-JMA, 2014 WL 51275, at *4-6 (S.D. Cal. Jan. 6, 2014) (dismissing TCPA claim for failure to plausibly allege that defendant used an ATDS or an artificial or prerecorded voice, where plaintiff alleged that defendant made "in excess of 1,400 calls, through human agents, computer generated, and robodialing" and left "several messages per day using automatic telephone dialing systems, human agents, and an artificial prerecorded voice to Plaintiffs' cellular and residential telephone numbers");

4. *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84, 2013 WL 5719515, at *1-2 (D. Mass. Oct. 17, 2013) (holding that "[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim"; and dismissing TCPA complaint and rejecting proposed amended complaint as insufficient where plaintiff alleged that defendant "used an [ATDS] as defined by [the statute]");

5. *Clayton v. Aaron's Inc.*, No. 13-cv-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013) (dismissing TCPA claim for insufficient factual allegations to support a plausible inference that defendant used an ATDS; and holding that the court "need not take Plaintiffs conclusory assertion that Defendant used autodialing as true," citing *Twombly*, 550 U.S. at 555);

6. *Friedman v. Massage Envy Franchising, LLC*, No. 12-cv-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (dismissing TCPA complaint which alleged that communications "were placed via an [ATDS] as defined by [the statute]" because plaintiff failed to allege facts in addition to a " 'formulaic recitation of the elements' " (quoting *Twombly*, 550 U.S. at 555));

7. *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (holding that "when a fact is itself an element of the claim, as is the case [with the TCPA here], it is not sufficient to recite that fact verbatim without other supporting details"; and dismissing TCPA complaint as insufficient where it alleged that defendant "left prerecorded messages on his cellular phone using an ATDS");

8. *Ibey v. Taco Bell Corp.*, No. 12-cv-0583-H, 2012 WL 2401972, at *l, 3 (S.D. Cal. June 18, 2012) (dismissing TCPA complaint which alleged that a text message "was placed via an [ATDS]" for failure to sufficiently plead use of an ATDS).

These dismissals are not surprising, as a conclusory allegation that telephone equipment is an ATDS or that an artificial or pre-recorded voice was used is not entitled to any weight or an assumption of truth under Supreme Court precedent because they are merely a "formulaic recitation of elements" under the TCPA. A plaintiff is required to plead actual facts beyond the language of the elements of a cause of action, and Plaintiff has not done so here.

In addition to her failure to plead any fact whatsoever to support an assertion that Defendants used an ATDS, Plaintiff also fails to allege any facts whatsoever concerning the calls that allegedly form the basis of her complaint. A Florida District Court faced an analogous situation in *Augustin, supra,* where the plaintiff failed to allege the "dates of the calls, his phone number, his girlfriend's name or phone number, or the number from which he received the allegedly unlawful calls." *Augustin,* 2012 WL 12022318, at *3. The Amended Complaint lacked sufficient information to determine whether the defendant ever called a telephone belonging to the plaintiff. *Id.* Dismissal was required because the plaintiff had "not given the defendant fair notice of what the . . . claim is and the ground upon which it rests," thus the "Complaint lacked sufficient factual allegations to draw the reasonable inference that the defendant [was] liable for the misconduct alleged." *Id.*   Here, just as in *Augustin*, the Amended Complaint lacks sufficient facts concerning any of the alleged calls. The Amended Complaint tenders nothing more than "naked assertion[s]" that are completely devoid of "further factual enhancement" *Iqbal*, 556 U.S. at 678, and nothing which allows any "reasonable inference that the Plaintiff [could be] liable for the misconduct alleged." *Augustin,* 2012 WL 12022318, at *3. The only detailed information regarding the alleged calls forming the basis of this Amended Complaint involves a call made in February, 2017. Complaint at ¶34.  Significantly, the Amended Complaint fails to allege that call was made to Plaintiff's cellular phone.

### **Conclusion**

Count III of the Amended Complaint fails to state a claim that Defendants violated the TCPA.  The allegations forming the basis of Count III are conclusory and lack the requisite underlying facts necessary for this Court to permit the litigation to continue.  Defendants, therefore, respectfully request that this Court dismiss Count III of the Amended Complaint.

WHEREFORE, Defendants, Rushmore Loan Management Service, LLC and U.S. Bank, N.A., as Trustee for RMAC Trust, Series 2016-CTT respectfully request that this Court dismiss Count III of the Amended Complaint filed by Plaintiff on September 28, 2017 for failure to state a claim, and for such other and further relief as may be just and proper.

_/s/ Melissa A. Giasi_
Melissa A. Giasi
KASS SHULER, P.A.
P.O. Box 800
Tampa, Florida 33601-0800
Tel:   (813) 229-0900 x1413
mgiasi@kasslaw.com
foreclosureservice@kasslaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to: Rebbecca A. Goodall, Esq. and Andrew M. Lyons, Esq., The Lyons Law Group, P.A., Counsel for Plaintiff.

/s/ Melissa A. Giasi

Melissa A. Giasi