UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALLIE A. CUMMINGS,

    Plaintiff,

v.                         Case No.: 8:17-cv-1652-T-33MAP

RUSHMORE LOAN MANAGEMENT
SERVICE and U.S. BANK, N.A.,
as Trustee for the RMAC Trust,
Series 2016-CTT,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Rushmore Loan Management Service and U.S. Bank, N.A.'s Motion to Dismiss Count III of Amended Complaint for Failure to State a Claim or, Alternatively, Motion for More Definite Statement as to Count III, filed on October 9, 2017. (Doc. # 32). Plaintiff Sallie A. Cummings responded on October 20, 2017. (Doc. # 46). For the reasons that follow, the Motion is denied.

**I.**    **Background**

Cummings initiated this action in state court on June 1, 2017, asserting claims under the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 et seq.; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et

1

seq.; and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 et seq. (Doc. # 2). Defendants removed the case to federal court on July 10, 2017, and filed a motion to dismiss the TCPA claim, Count III of the Complaint, on August 11, 2017. (Doc. ## 1, 19). Cummings responded to that motion on August 31, 2017. (Doc. # 22).

The Court granted the first motion to dismiss on September 12, 2017, because "[t]he Complaint [was] devoid of factual allegations to support the inference that an" automatic telephone dialing system (ATDS) "or artificial or prerecorded voice was used for the calls to Cummings's cell phone." (Doc. # 23 at 8). The Court identified examples of allegations that support that an ATDS was used: the number of calls and their frequency; that the plaintiff "heard an artificial or prerecorded voice during a call"; or that the "conversation with [d]efendants' employee began with a pause." (Id.) (citing Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014); Padilla v. Whetstone Partners, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)).

Cummings filed the Amended Complaint on September 28, 2017. (Doc. # 30). The facts alleged by the Amended Complaint are summarized below.

In 2008, Cummings obtained a mortgage for her property. (Id. at ¶ 21). The bank that then held the debt called Cummings in March of 2012 in an attempt to collect it, and Cummings provided the bank with her counsel's contact information. (Id. at ¶ 24). Once foreclosure proceedings were initiated, attorneys representing Cummings directed the bank to cease all direct communication with Cummings on two occasions. (Id. at ¶¶ 25, 27). The mortgage debt and its servicing were transferred multiple times and Cummings or her counsel "explicitly withdrew any consent for Cummings to be contacted directly by mail or telephone with respect to the [d]ebt" from each transferee. (Id. at ¶ 28-30).

On January 1, 2017, the servicing of the debt was "transferred to Rushmore to collect on behalf of U.S. Bank." (Id. at ¶ 31). "At the time of the transfer, Rushmore and U.S. Bank, and its representatives, agents, or employees were advised of the Debt Collection Action, that Cummings is represented by legal counsel, the contact information for such legal counsel, and were provided business records and servicing files which included all of the aforementioned communications from [Cummings] and her legal counsel." (Id. at ¶ 32).

Nevertheless, in February of 2017, "Cummings received a call from a representative named Rubin who indicated that he was an employee of Rushmore." (Id. at ¶ 34). Importantly, the Amended Complaint alleges that, upon answering this call but before Rubin began to speak, "Cummings was greeted by a noticeable period of 'dead air' and audible clicks while the caller's phone system attempted to connect Cummings to a live telephone employee." (Id. at ¶35). Cummings directed all future communications to her attorney, provided his contact information, and "request[ed] that Rushmore cease communicating with Cummings directly." (Id. at ¶ 36).

Cummings alleges that "[w]ithin the four year period immediately preceding this action" Defendants or their agents called Cummings's cellular and home telephones, "for the purpose of collecting on the alleged debt." (Id. at ¶¶ 47, 52). Cummings states these calls were made "without prior express consent and without an emergency purpose." (Id. at ¶ 99). Furthermore,

> the [] calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system or employed a prerecorded voice message. These calls which utilize a prerecorded message or have a noticeable pause or gap and audible clicks between the time the call is answered until a live human comes onto the line are telltale signs of an automated telephone dialing system.

(Id. at ¶100). According to Cummings,

> [a]ll calls and messages which occurred after Rushmore took over servicing this consumer Debt and attempting to collect on the consumer Debt were made in willful violation of the TCPA because Rushmore knew it was making a call to Cummings['s] cellular telephone, knew that the system used to make the call qualifies as an autodialer, and knew that it did not have consent to make the autodialed call.

(Id. at ¶ 55).

The current motion to dismiss makes the same arguments as Defendants' previous motion to dismiss. (Doc. ## 19, 32). Cummings has responded (Doc. # 46) and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

To state a claim under the TCPA, a plaintiff must allege that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." Augustin v. Santander Consumer USA, Inc., 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

First, Defendants argue that Cummings has not stated a claim under the TCPA because her allegations regarding the elements of the claim are unclear. (Doc. # 32 at 1-2). They argue that Cummings failed to plead that she received calls to a cellular telephone, rather than to her residential phone.

6

(Id.). Despite Defendants' statement to the contrary, Cummings does list the telephone number associated with her cell phone. (Doc. # 30 at ¶ 47). And, Cummings states in Count III that Defendants "made numerous calls to Plaintiff's telephone number, assigned to a cellular telephone service." (Id. at ¶ 99). As the Court stated previously, "[i]t is clear that the TCPA claim is based only on calls to Cummings's cell phone." (Doc. # 23 at 6).

Defendants also argue that Cummings failed to properly plead lack of consent. (Doc. # 32 at 2). They stress one sentence from the Amended Complaint: "Defendants did not have Plaintiff's 'prior express consent to call her telephone numbers using an ATDS, PTDS or APV.'" (Id.). They state that "Defendants only need consent to contact Plaintiff on her cellular telephone number," and conclude that the above sentence is too broad. (Id.). In doing so, Defendants ignore the Amended Complaint's other allegations regarding consent. Cummings alleges that "[a]t no time herein did Defendants have Plaintiff's prior express consent to call Plaintiff on her cellular telephone." (Doc. # 30 at ¶ 101). Furthermore, "[o]n at least five separate occasions from 2012 to present, Defendants, and its predecessors in interest, were informed directly by Cummings or her legal counsel . . . to cease and

7

desist all communications directly with Cummings." (Doc. # 30 at ¶ 38).

Defendants made these arguments in their previous motion to dismiss and the Court rejected them in its previous Order. (Doc. # 23 at 5-7). The Court again rejects these arguments because the Amended Complaint has not changed the relevant facts.

Defendants next argue the Amended Complaint "does not allege facts sufficient to state a claim against Defendants under the TCPA" because it "only contains conclusory allegations that Defendants utilized an ATDS and does not plausibly allege any facts that could show this to be the case." (Doc. # 32 at 4). Although the original Complaint suffered from this flaw, the Amended Complaint does not.

"[W]ell-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." Owens-Benniefield v. Nationstar Mortg. LLC, No. 8:17-cv-540-T-33TGW, 2017 WL 2600866 (M.D. Fla. June 15, 2017)(quoting Gragg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)). Courts have held that a complaint may sufficiently raise an inference that an ATDS was used by alleging that the

relevant calls contained a pause, or period of silence, after a call is answered and before a person begins speaking. See, e.g., Owens-Benniefield, 2017 WL 2600866 at *8-9; Padilla v. Whetstone Partners, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014); Todd v. Citibank, No. 16-5204-BRM-DEA, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017). This Court acknowledged this in its order granting the prior motion to dismiss. (Doc. # 23 at 9).

The Amended Complaint alleges that the February 2017 phone call from Rubin, on behalf of Rushmore, began with "a noticeable period of 'dead air' and audible clicks while the caller's phone system attempted to connect Cummings to a live telephone employee." (Doc. # 30 at ¶ 35). Defendants argue that the Amended Complaint does not explicitly allege that the February 2017 call was made to Cummings's cell phone. (Doc. # 32 at 7). Although it is not explicitly stated, taken in the light most favorable to Cummings, the Court interprets the Amended Complaint as alleging the call was made to Cummings's cell phone. But, even if the call was not made to Cummings's cell phone, the apparent use of an ATDS for the February 2017 call provides context for the other calls made to Cummings's cell phone. The Amended Complaint alleges "numerous calls to the Plaintiff's cellular telephone"

9

"within the four year period immediately preceding this action" that were "placed using an automated telephone dialing system or employed a prerecorded voice message." (Doc. # 30 at ¶¶ 99-100). It indicates that "[t]hese calls which utilize a prerecorded message or have a noticeable pause or gap and audible clicks between the time the call is answered until a live human comes onto the line are telltale signs of an automated telephone dialing system." (Id. at ¶ 100). Although this may not have been artfully stated, the Court views these allegations, in context and in the light most favorable to Cummings, as sufficiently detailed to raise the inference that Defendants used an ATDS to call Cummings's cell phone.

Defendants rely on numerous district court cases, which the Court finds distinguishable and do not merit lengthy discussion. The Court will address those case arising from within the Eleventh Circuit. The Court already distinguished Augustin v. Santander Consumer USA, Inc., 43 F. Supp. 3d 1251 (M.D. Fla. 2012), in its September 12, 2017, Order, and further comment is unnecessary. (Doc. # 23 at 7). Both Speidel v. JP Morgan Chase & Co, No. 2:13-cv-852-FtM-29DNF, 2014 WL 582881 (M.D. Fla. Feb. 13, 2014), and Duran v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1312 (S.D. Fla. July 23, 2012),

10

are distinguishable because neither involved any allegations that implicated the use of an ATDS besides conclusory recitations that an ATDS was used. In contrast, as discussed above, Cummings has alleged that there was a delay in the phone call before a person spoke to her, which raises the inference of the use of an ATDS.

The Court finds the Amended Complaint cured the deficiency of the Complaint by alleging sufficient facts to plausibly state a claim for violation of the TCPA. Therefore, the Motion is denied. Because Cummings has sufficiently stated her claim, the Court also denies Defendants' alternative request for a more definite statement.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Motion to Dismiss Count III of Amended Complaint for Failure to State a Claim or, Alternatively, Motion for More Definite Statement as to Count III (Doc. # 32) is **DENIED.**

(2) Defendants' Answer to the Amended Complaint is due November 9, 2017.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of October, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE